UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| REGINA DAVIS,<br><br>                         Plaintiff,<br><br>          v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                         Defendant. | CASE NO. 3:21-cv-05562-JRC<br><br>ORDER ON MOTION FOR AN AWARD OF ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b) |

Presently before the Court is Plaintiff's Motion for an Award of Attorney's Fees Pursuant to 42 U.S.C. § 406(b). Dkt. 24. Defendant does not oppose the Motion. *See* Dkt. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2. Under 42 U.S.C. § 406(b), the Court may allow a reasonable fee for an attorney who represented a Social Security claimant before the Court and obtained a favorable judgment, as long as such fee is not in excess of 25% of the total past-due benefits. *See Grisbrecht v. Barnhart*, 535 U.S. 789 (2002). When a contingency agreement applies, the Court will look first to such agreement and will conduct an independent review to assure the reasonableness of the fee requested, taking into

consideration the character of the representation and results achieved. *See id*. at 807, 808. Although the fee agreement is the primary means for determining the fee, the Court may reduce the fee for substandard representation, delay by the attorney, or because a windfall would result from the requested fee. *See Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (citing *Grisbrecht*, 535 U.S. at 808).

Here, Plaintiff signed a contingency fee agreement agreeing to pay her attorney a fee equal to 25% of the amount awarded for past-due benefits. *See* Dkt. 24-3. The representation was not substandard and the results achieved were excellent. *See* Dkt. 17; Dkt. 24-2; *Grisbrecht*, 535 U.S. at 808. This Court reversed and remanded this matter to the Administration for further proceedings and, following remand, Plaintiff was awarded benefits. *See* Dkts. 17, 24-2. There is no evidence of an excessive delay by the attorney or that a windfall will result from the requested fee.

Plaintiff moves for attorney's fees in the total amount of $30,044.23, which is 25% of Plaintiff's total past-due benefits. *See* Dkt. 24. Previously, Plaintiff was awarded attorney's fees of $7,595.10 under the Equal Access to Justice Act ("EAJA"). Dkt. 23. Therefore, Plaintiff is moving for a remaining attorney's fee award of $22,449.13. Dkt. 24. After review of the relevant record, Plaintiff's Motion (Dkt. 24) is **GRANTED**.

Dated this 28th day of December, 2023.

Grady J. Leupold
United States Magistrate Judge